**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000546**
**19-JUL-2018**
**07:59 AM**

NO. CAAP-17-0000546

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALLAN H. ABIHAI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 15-1-0405)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Allan H. Abihai (Abihai) appeals from the "Judgment of Conviction and Sentence" entered on June 14, 2017 in the Circuit Court of the First Circuit (circuit court).[1] The State of Hawai'i (State) charged Abihai with one count of Escape in the Second Degree pursuant to § 710-1021 of the Hawaii Revised Statutes (HRS).[2] Abihai was found guilty as charged. The circuit court sentenced Abihai to a term of imprisonment of five years.

On appeal, Abihai contends that his trial counsel's

---

[1] The Honorable Glenn J. Kim presided.

[2] **§ 710-1021 Escape in the second degree.** (1) A person commits the offense of escape in the second degree if the person intentionally escapes from a correctional or detention facility or from custody.

(2) Escape in the second degree is a class C felony.

errors and omissions in failing to obtain relevant evidence from witnesses substantially impaired his choice of evils defense and deprived him of his constitutional right to effective assistance of counsel; and the circuit court erred in denying Abihai credit for time served at sentencing.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

I.    Ineffective Assistance of Counsel

In his first point of error, Abihai contends that he was denied his right to effective assistance of counsel, guaranteed by article I, section 14 of the Hawaiʻi Constitution and the sixth amendment to the United States Constitution.

> When reviewing a claim of ineffective assistance of counsel, [the appellate court] looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases. The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawaiʻi 504, 513-14, 78 P.3d 317, 326-27 (2003) (internal quotation marks, citations, and footnote omitted).

Abihai claims that his trial counsel's errors and omissions in not presenting relevant questions and obtaining relevant evidence from witnesses substantially impaired his choice of evils defense by failing to show that Abihai was in fear for his life and physical safety, and therefore "cumulatively resulted in a denial of [Abihai's] right to a fair trial . . . and his right to assistance of counsel . . . ." Specifically, Abihai contends that his counsel rendered ineffective assistance when he failed to: (1) question the FBI task force officer and the Assistant U.S. Attorney about any

2

requests made by Abihai to be transferred to Kulani Correctional Facility from Laumaka Work Furlough Center (Laumaka) in exchange for his testimony in the federal trial against the USO family gang, and/or any deals made regarding the same; (2) question the FBI task force officer as to the safety procedures and precautions taken to protect Abihai from people knowing about Abihai's meetings with the officer or Abihai's potential testimony against the USO family gang; and (3) point out that Abihai's federal trial testimony could have also been used against a Laumaka Adult Correction Officer, who was an authority figure who also allegedly posed a potential threat to Abihai's safety.

The choice of evils defense Abihai claims was impaired by his trial counsel's ineffective assistance is governed by HRS § 703-302. The choice of evils defense is further limited in a prosecution for escape:

> § 703-302 **Choice of evils.** (1) Conduct which the actor believes to be necessary to avoid an imminent harm or evil to the actor or to another is justifiable provided that:
>
> (a) The harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;
>
> (b) Neither the Code nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and
>
> (c) A legislative purpose to exclude the justification claimed does not otherwise plainly appear.
>
> (2) When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for the actor's conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability.
>
> (3) In a prosecution for escape under section 710-1020 or 710-1021, the defense available under this section is limited to an affirmative defense consisting of the following elements:
>
> (a) The actor receives a threat, express or implied, of death, substantial bodily injury, or forcible sexual attack;
>
> (b) Complaint to the proper prison authorities is either impossible under the circumstances or there exists a

3

history of futile complaints;

> (c) Under the circumstances there is no time or opportunity to resort to the courts;

> (d) No force or violence is used against prison personnel or other innocent persons; and

> (e) The actor promptly reports to the proper authorities when the actor has attained a position of safety from the immediate threat.

(Emphasis added.) Accordingly, HRS § 703-302(3) is the applicable subsection regarding Abihai's choice of evils defense given that he was prosecuted under HRS § 710-1021.

In order to prevail on his claim that his choice of evils defense was impaired due to his trial counsel's ineffective assistance, Abihai must meet his burden of establishing, among other things, that his HRS § 703-302(3) choice of evils defense was indeed potentially meritorious. We conclude that Abihai has failed to do so. Among other reasons, we find it particularly noteworthy that Abihai does not assert, and there is no evidence in the record, that he "promptly report[ed] to the proper authorities when [he] [had] attained a position of safety from the immediate threat" after escaping from Laumaka, which is required for a HRS § 703-302(3) defense claim to be meritorious. See HRS § 703-302(3)(e). In fact, the evidence shows just the opposite--that Abihai failed to show up for his work furlough assignment on June 9, 2014, never once contacted the Laumaka case manager, and was not arrested until June 29, 2014.

Accordingly, Abihai has failed to establish that his trial counsel was ineffective.

## II. Denial of Credit for Time Served

In his final point of error, Abihai contends that the circuit court erred in denying him credit for time served from the date he was taken back into custody after escaping, June 29, 2014, to and including the date he was sentenced on his escape conviction on June 14, 2017.

> HRS § 706-671(3) (2014) provides:
> Notwithstanding any other law to the contrary, when a defendant is convicted for a crime committed while serving a sentence of imprisonment on a separate unrelated felony

conviction, credit for time being served for the term of imprisonment imposed on the defendant for the separate unrelated felony conviction shall not be deducted from the term of imprisonment imposed on the defendant for the subsequent conviction.

In the instant case, prior to escaping from Laumaka, Abihai had been serving a life sentence of imprisonment for separate unrelated felony convictions. After being taken back into custody on June 29, 2014, Abihai continued to serve time on his life imprisonment sentence for his prior felony convictions unrelated to his escape conviction. Therefore, pursuant to HRS § 706-671, the circuit court properly did not deduct Abihai's time served from June 29, 2014 to June 14, 2017 from his five-year term of imprisonment imposed for his subsequent escape conviction.

Based on the foregoing, the "Judgment of Conviction and Sentence" entered on June 14, 2017 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, July 19, 2018.

On the briefs:

David L. Williams,
Deputy Attorney General,
for Plaintiff-Appellee.

Harrison L. Kiehm,
for Defendant-Appellant.

Chief Judge

Associate Judge

Associate Judge

5